■ TOWN OF FALLSBURGH, Appellant, v. COUNTY OF SULLIVAN et al., Respondents.— Appeal by plaintiff from a judgment of the Supreme Court at Special Term, entered in Sullivan County on May 19, 1956, which dismissed the complaint on a motion for judgment on the pleadings. The action is for a declaratory judgment determining whether the plaintiff town or the defendant county (as a public welfare district) is liable for the burial expense of indigent persons found dead within the town but not residents thereof. Such a determination involves only a construction of applicable provisions of the Social Welfare Law. Section 141 thereof provides: "1. Except as otherwise provided the public welfare district shall provide for the care, removal and burial of the body of any recipient of public assistance or care who shall die, *or of any person found dead,* in the public welfare district. "2. If *such* a person leave no funds to pay such expense and there are no known relatives * * * liable or willing to become responsible for such expense, the expense of such burial shall be a charge on the public welfare district or on a *town* or city thereof, *which would have been responsible for the assistance and care of such person while alive.*" (Italics supplied.) The plaintiff town "would have been responsible for the assistance and care of such person while alive" by virtue of subdivision 1 of section 69 of the Social Welfare Law, which provides, insofar as it is pertinent here (where the county has not by resolution assumed full responsibility and operates on the basis of a county-town welfare system), as follows: "each town shall be responsible for the expense of providing home relief and medical care given at home for local charges residing *or found* in such town." (Italics supplied.) "Public assistance and care" includes "home relief" by the express terms of subdivision 20 of section 2 of the Social Welfare Law. Having expressly imposed the obligation on the town for such public assistance and care to the class of persons involved here "while alive", it seems clear that by the terms of section 141 quoted above, the Legislature intended to also impose on the town the expense of burial. Judgment unanimously affirmed, with costs to respondents. Present — Bergan, J. P., Coon, Halpern, Zeller and Gibson, JJ.